## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**DANNY E. MCDANIEL,**

    **Plaintiff,**

**vs.**                                                        **CASE NO. 4:03CV222-SPM/AK**

**LARRY CAMPBELL, et al,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action pursuant to 42 U.S.C. § 1983 alleging that he was arrested by the Talladega County Sheriff's office in Talladega, Alabama, on an expired detainer. (Doc. 33). He sues the governors of Florida and Alabama, the sheriff of Talladega County, and several state employees in Florida and Alabama for their various parts in issuing and serving the illegal detainer, and a private company, Mid Florida Security Group, whom he alleges picked him up in Alabama and brought him to Leon County, Florida, even though Plaintiff alleges that he did not waive extradition.

(Doc. 33).  Although Plaintiff has added several new parties in the  amended complaint,[1] as well as additional facts, the gist of his complaint is, again, the illegality of the detainer upon which he was brought to Florida, which has been litigated on the merits in a petition under 28 U.S.C. §2241, McDaniel v. Campbell, et al, Case No. 4:03cv205-RH/WCS, (transferred to this Court on July 7, 2003, from the United States District Court for the Northern District of Alabama, Case No. 03CV342), and has been raised in state court in a habeas petition, Case No. 2003CA1458, and other motions, Case No. R19950181AF001.  (See Doc. 33, Exhibits A, G).  Indeed, Plaintiff concedes in the memorandum attached to the amended complaint, that he has litigated "similar merits as far as IADA,"[2] but represents that the present complaint requests relief that he has not sought previously.  The relief sought is damages for emotional distress and punitive damages.

The Court finds that the amended complaint (doc. 33) should be dismissed for failure to state a claim on a number of grounds.

One, Plaintiff has not alleged that he suffered any physical injury from the actions of the defendants.  (Doc. 33, p.9a).  Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Despite the wording of § 1997e(e), that "[n]o Federal civil *action* may be *brought*," this circuit has established that the statute limits relief, not

---

[1] Although this pleading is styled "Second Amended Complaint," the docket sheet shows only one amended complaint (doc. 33).

[2] Interstate Agreement on Detainers Act.

**No. 4:03cv222-spm/ak**

causes of action. If there is no physical injury alleged, then mental or emotional monetary damages, as well as punitive damages, cannot be recovered. Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[3], *reinstating in part* 190 F.3d 1279 (11th Cir. 1999) and Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table). 215 F.3d at 1230.

Further, since the actions of which Plaintiff complains concern an allegedly illegal arrest and incarceration, the Court also finds that Plaintiff's claims are foreclosed by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). A claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck, 114 S. Ct. at 2372.

Finally, the merits of the underlying claims have been decided. "Under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." Sewell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 94 F.3d 1514, 1518 (11th Cir. 1996), *citing* Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5, 99 S. Ct. 645, 649 n.5, 58 L. Ed. 2d 552 (1979).

> If the later litigation arises from the same cause of action, *then the judgment bars litigation not only of "every matter which was actually offered and received to sustain the demand, but also [of] every [claim] which might have been presented." Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 319, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927).

---

[3] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001). The parts of the panel opinion relevant to this legal issue were reinstated.

**No. 4:03cv222-spm/ak**

<u>In re Justice Oaks II, Ltd.</u>, 898 F.2d 1544, 1550, n. 3 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990) (emphasis added).

"The principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. . . . In determining whether the causes of action are the same, the court must compare the substance of the actions, not their form." <u>I. A. Durbin, Inc. v. Jefferson National Bank</u>, 793 F.2d 1541, 1549 (11th Cir. 1986).  "Claims are part of the same cause of action when they arise out of the same transaction or series of transactions." <u>In re Justice Oaks II, Ltd.</u>, 898 F.2d at 1551.  Although the present case is brought under 42 U.S.C. § 1983 and the previous cases were brought under 28 U.S.C. §2241 and 2254, the substance of the actions is Plaintiff's assertion that the detainer had expired and his incarceration based on the detainer was illegal. Plaintiff has varied the parties in the cases and even in the pleadings filed in the present lawsuit, focusing primarily on the Alabama state actors in one pleading (doc. 33) and the Florida actors in another.  (Doc. 1).  However, the sole complaint running throughout all of the causes of action is Plaintiff's contention that the detainer process that resulted in his being extradited from Alabama to Florida violated his rights.  Thus, the Court is of the opinion that the determination of the legality of the detainer warrant has been litigated and Plaintiff is now precluded from asserting this claim in this cause of action.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 33, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting

**No. 4:03cv222-spm/ak**

this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this 1st  day of February, 2006.


s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:03cv222-spm/ak**